IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin L. Choice, #257223, ) | |
| ) | Civil Action No. 2:01-3114-RBH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Doris Ann Cooke (Nurse), ) | |
| Nena Stene (Nurse), ) | |
| Captain Robert Murry, ) | |
| Lt. Harry Champagne, ) | |
| Lt. Waltz, Lt. D. Seaward, ) | |
| and Lt. Durant, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at Kirkland Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated various provisions of the United States and South Carolina constitutions in requiring him to submit a blood sample under the South Carolina DNA Act and pay the $250 fee required by the statute.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Robert S. Carr for pre-trial handling. On August 2, 2001, the Magistrate Judge issued an order staying the case pending this Court issuing an Order in Civil Action No. 2:99-5555. On January 10, 2003, the Magistrate Judge filed a Report and Recommendation which recommended that the case be remanded in its entirety to the South Carolina court from which it was removed. The defendants filed objections on January 24, 2003. On April 10, 2006, this case was

1

reassigned from United States District Judge Perry to the undersigned. On June 29, 2006, this Court entered an order staying the case pending a ruling by the South Carolina Supreme Court in a related case. On April 12, 2007, this Court lifted the stay. On October 19, 2007, this Court issued an Order addressing the merits in the lead DNA case, Civil Action No. 2:99-cv-05555-RBH.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). While the level of scrutiny entailed by the Court's review of the Report depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

In the Report and Recommendation, the Magistrate Judge has *sua sponte* raised the issue of exhaustion of administrative remedies and recommends that the case be remanded to state court due to the plaintiff's alleged failure to exhaust. Since the entry of the Report, the Fourth Circuit has decided *Anderson v. XYZ*, 407 F.3d 674 (4th Cir. 2005). In *Anderson*, the Court held that a district court may raise the issue of exhaustion *sua sponte* but that "except in rare cases where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." *Id*., 407 F.3d at 682. Although the Plaintiff has not filed objections to the Report and apparently does not object to a remand of the case to state

court, where he initially brought the lawsuit, the Court takes judicial notice that in some of the these cases brought by inmates challenging the DNA Act, the Department of Corrections took the position that the issue of the constitutionality of the Act was not grievable. The Court also notes that the Supreme Court has held that Administrative Law Judges lack jurisdiction to decide constitutionality of statutes such as the DNA statute and that challenges to the constitutionality of statutes should be brought in the circuit court as a declaratory judgment action. *Slezak v. South Carolina Dept. of Corrections*, 361 S.C. 327, 605 S.E.2d 506, 508 (2004). Therefore, the Court does not believe that it is appropriate to remand the entire case to state court on the basis of failure to exhaust. However, the Court declines to exercise jurisdiction over the state law and state constitutional law claims and remands those claims only to state court. The federal claims are recommitted to the Magistrate Judge for further proceedings. The Magistrate Judge shall notify the parties of expedited deadlines for filing dispositive motions due to the age of the case.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court respectfully rejects the Report and Recommendation and **recommits the federal claims to the Magistrate Judge for further proceedings. The state law and state constitutional law claims are remanded to the Richland County Court of Common Pleas**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 23, 2007
Florence, South Carolina