RECEIVED
USDC, CLERK CHARLESTON, S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2008 SEP 12 A II: 3

| | |
|---|---|
| Kevin L. Choice, #257223, | C. A. No. 2:01-3114-RBH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Doris Ann Cooke (Nurse), Nena Stene (Nurse), Captain Robert Murry, Lt. Harry Champagne, Lt. Waltz, Lt. D. Seaward, and Lt. Durant, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1]

brought by a state prisoner proceeding pro se and in forma

pauperis is before the undersigned United States Magistrate Judge

for a report and recommendation on the defendant's motion for

summary judgment. 28 U.S.C. §636(b).

---

[1] Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of Section 1983, titled a civil action for deprivation of
rights reads in relevant portion: the United States or other
person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act
or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

In his complaint, the plaintiff, Kevin L. Choice, asserts that Defendants Nurse Doris Ann Cooke and Nurse Nena Stene drew a sample of his blood in compliance with the State Deoxyribonucleic Acid Identification Record Database Act, S.C. Code Ann. § 23-3-600, et seq., as amended by the General Assembly effective July 1, 2000. Plaintiff seeks an award of two hundred fifty thousand dollars ($250,000.00) for "the illegal obtainership of [his] DNA." Plaintiff also named as defendants Captain Robert Murry, Lt. Harry Champagne, Lt. Waltz, Lt. D. Seaward, and Lt. Durant, all officers at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections. However, these defendants are named in the caption only and are nowhere mentioned in the body of the plaintiff's complaint.

On July 2, 2008, the defendant filed the instant motion for summary judgment. On July 3, 2008, the plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On August 25, 2008, the plaintiff filed a letter indicating that he objected to the motion, but that he could present no legal argument because he had been denied his legal

materials and use of a proper law library.[2]  Hence, it appears

that consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter

judgment against a party who, "after adequate time for discovery

... fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  Celotex Corp. v.

Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Where

"there is no genuine issue as to any material fact and ... the

moving party is entitled to judgment as a matter of law," entry

of summary judgment is mandated.  Fed.R.Civ.P. 56(c).  To avoid

summary judgment on defendants' motion, a plaintiff must produce

evidence creating a genuine issue of material fact.  "The mere

existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the

plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252,

106 S.Ct. 2505, 2512 (1986).  In determining whether a genuine

issue of material fact is in dispute, "[t]he evidence of the

nonmovant is to be believed, and all justifiable inferences are

---

[2] This complaint is subject to dismissal on grounds of
qualified immunity so taking action in response to the letter
would be a futile act.

to be drawn in his favor." <u>Anderson</u>, <u>Id.</u> at 255, 106 S.Ct. at 2513-14.

## DISCUSSION

A review of the record and relevant case law indicates that the defendants' motion should be granted and this matter ended.

First, Plaintiff has not established a substantial federal question or stated a claim upon which relief may be granted as to the correctional officer defendants.  They are named defendants but Plaintiff did not indicate that they did anything to him, much less that they personally illegally deprived him of a right protected by the constitution or other laws of the United States which would be redressed by the requested relief as required to bring an action under 42 U.S.C. § 1983.  <u>See</u>, <u>e.g.</u>, <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984); <u>Monroe v. Pape</u>, 365 U.S. 167, 171, 81 S.Ct. 473, 475 (1961).  They are entitled to be dismissed from the action on this basis alone.

Second, the defendant nurses are entitled to judgment as a matter of law on the basis of qualified immunity from suit as explained by the United States Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) and it prodigy.  <u>Harlow</u> set forth objective standards for the utilization of the immunity defense and gave specific bench marks to the judiciary in determining when to protect public officials from undue interference with the exercise of their official duties.  In setting forth its

guidelines, the Supreme Court ruled that "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person should have known."  457 U.S. at 818.

The Court further held that "[r]eliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law, and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment."  Id.

Subsequently, the Supreme Court held in Anderson v. Creighton, 483 U.S. 635 (1987), that a court must look for the "'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken."  483 U.S. at 639.  "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. ... [This] is to say that in the light of preexisting law the unlawfulness must be apparent."  483 U.S. at 640.

Here, the defendant nurses merely drew Plaintiff's blood to provide a DNA sample to be included in the state's DNA database maintained by the South Carolina Law Enforcement Division pursuant to the State Deoxyribonucleic Acid Identification Record Database Act, S.C. Code Ann. § 23-3-600, et seq.  Acting in

compliance with a presumptively valid controlling state law entitles these defendants to qualified immunity from suit. Liability simply cannot be imposed for executing statutorily imposed duties. See, New York State Club Ass'n v. City of New York, 487 U.S. 1, 17, 108 S.Ct. 2225, 2236 (1988); Lemon v. Kurtzman, 411 U.S. 192, 207-09, 93 S.Ct. 1463, 1472-73 (1973); Swanson v. Powers, 937 F.2d 965, 969 (4th Cir. 1991).

"Government would come to a virtual standstill if executive officials concluded that their safest course of action was to ignore the laws of the state and to take no course of action for fear of liability. Reliance upon the presumptive validity of state law may be "the paradigm" of objectively reasonable conduct that the grant of immunity was designed to protect. The usual practice must therefore be that '[u]ntil judges say otherwise, state officers ... have the power to carry forward the directives of the state legislature.' Id.; Lemon, 411 U.S. at 208, 93 S.Ct. at 1473.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion for summary judgment be

granted, all other motions be denied as moot, and this matter

ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 12, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).